UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER DALE MOOREHEAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05CV188 ERW |
| ) | (TIA) |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Roger Dale Moorehead for Writ of Habeas Corpus under 28 U.S.C. § 2254. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

**Procedural History**

Petitioner is currently incarcerated at the Southeast Correctional Center (SECC) located in Charleston, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri. On September 4, 2001, Petitioner pled guilty to one count of Assault in the First Degree and one count of Armed Criminal Action. (Resp. Exh. A, p. 50) The trial court sentenced Petitioner to concurrent terms of 10 years in prison. (Resp. Exh. A, p. 51) On October 17, 2001, Petitioner filed a Motion to Vacate, Set Aside or Correct the Judgment and Sentence pursuant to Missouri Supreme Court Rule 24.035. (Resp. Exh. A, pp. 3-9) He filed an amended motion on January 25, 2002. (Resp. Exh. A, pp. 17-22) On January 31, 2003, the motion court denied Petitioner's motion for post-conviction relief. (Resp. Exh. A, pp. 28-33) The Missouri Court of Appeals affirmed the motion court's denial on March 16, 2004. Moorehead v. State, 129 S.W.3d

441 (Mo. App. 2004); (Resp. Exh. E) On January 31, 2005, Petitioner filed the instant Petition for a Writ of Habeas Corpus in federal court.

## Petitioner's Claims

In his habeas petition, Petitioner raises three claims for federal relief:

(1) The motion court erred in failing to enter adequate findings of fact addressing Petitioner's ineffective assistance of counsel claims;

(2) Trial counsel was ineffective for failing to advise Petitioner about the amount of time Petitioner would serve and parole eligibility; and

(3) The trial court erred in accepting Petitioner's guilty plea on the armed criminal action count because there was not a sufficient factual basis for the plea.

## Count One

Petitioner first alleges that the motion court erred in failing to enter adequate findings of fact regarding counsel's alleged failure to accurately inform Petitioner of the range of punishment and amount of time to be served on a plea of guilty. Respondent contends that this claim is non-cognizable in federal court. The undersigned agrees with the Respondent.

"Because the Constitution does not guarantee the existence of state post-conviction proceedings, … , 'an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas [application].' Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990). Any error in [Petitioner's] state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus." Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007) (internal citation omitted). Thus, Petitioner's claim that the post-conviction court failed to make adequate findings regarding his allegation that trial counsel was ineffective is collateral to Petitioner's conviction and sentence and is not cognizable in a petition under 28 U.S.C.

§ 2254. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990). Therefore, Petitioner's first claim for habeas relief should be dismissed as non-cognizable.

## Claim Two

Petitioner next claims that trial counsel was ineffective for failing to advise Petitioner about the amount of time Petitioner would serve and parole eligibility. Specifically, Petitioner asserts that counsel informed him that by pleading guilty he would serve only 3 years before parole eligibility instead of 85% of his 10 year sentence. The Respondent contends that the opinion of the Missouri Court of Appeals was not contrary to, nor an unreasonable application of, federal law. Respondent thus argues that Petitioner's second claim for habeas relief fails on the merits.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

With regard to legal conclusions, "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). The "unreasonable

application" clause provides that "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411. Where a Petitioner alleges ineffective assistance of counsel, a court "will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999).

In the instant case, Petitioner raised this claim on appeal. The Missouri Court of Appeals thoroughly addressed his argument and found:

> To prevail on an ineffective assistance of counsel claim, a movant must establish that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that he was prejudiced thereby. Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). There is a strong presumption that counsel was competent and the movant must prove by a preponderance of the evidence that counsel was ineffective. Lee, 97 S.W.3d at 13. Where a guilty plea has been entered, the issue of counsel's effectiveness is material only to the extent it affects whether the plea has been voluntarily and knowingly made. Id. To show that counsel's performance was so defective as to require reversal, the movant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. Id. To show prejudice where the movant has entered a guilty plea, the movant must show that, but for counsel's errors, the movant would not have pleaded guilty and would instead have insisted on going to trial. Id.

>   …
>
>       Here, Movant failed to meet his burden. Plea counsel testified that he had been aware that assault in the first degree required Movant to serve eight-five [sic] percent of his sentence and that had influenced the plea negotiations. Plea counsel testified that during the plea negotiations, he attempted to get Movant's charge reduced to second-degree assault so that he would not have to serve the eighty-five percent of the sentence under a first-degree assault charge. Plea counsel testified that he would not have told Movant that he would only serve three years of his sentence and that he was "almost certain" that he had told Movant about the eighty-five percent requirement. Plea counsel testified that he may have mentioned three years with regard to the armed criminal action charge. In Missouri, anyone convicted of armed criminal action must serve a minimum of three years. Section 571.015.1, RSMo 2000. Movant testified to the opposite and stated that plea counsel told him that Movant would only serve three years and never mentioned anything about serving eighty-five percent of the sentence. The motion court found that Movant's testimony was not credible and found that plea counsel's testimony was credible.
>
>       Movant contends on appeal that he was credible at the evidentiary hearing. However, the credibility of witnesses is for the motion court's determination in post-conviction proceedings. Estes, 950 S.W.2d at 541-42. We do not determine witness credibility, but rather we defer to the motion court's superior opportunity to judge the credibility of witnesses. Id. at 542.
>
>       Given plea counsel's testimony and the motion court's determination that Movant was not credible, we find the motion court's findings of fact and conclusions of law that Movant failed to meet his burden of showing plea counsel was ineffective are not clearly erroneous. Point denied.

(Resp. Exh. E, pp. 2-3, 5-6)

To establish ineffective assistance of counsel petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To

5

prove deficient performance, Petitioner "must show that his counsel 'made errors so serious that counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment.'" Osborne v. Purkett, 411, F.3d 911, 918 (8th Cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). Courts will presume that the attorney's performance falls within the broad range of reasonable and professional assistance of counsel, as courts do not "'second-guess strategic decisions or exploit the benefits of hindsight.'" Id. (quoting Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997)) (citation omitted). In establishing the requisite element of prejudice, the petitioner must show that but for counsel's errors, he would not have pleaded guilty but instead would have insisted on going to trial. Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed *de novo*, and state court findings of fact are presumed to be correct under 28 U.S.C. § 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

In the instant case, petitioner is unable to show that trial counsel's performance was deficient or that Petitioner was prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984). As stated above, the motion court found that Petitioner did not receive ineffective assistance of counsel. The court entered detailed Findings of Fact and determined that plea counsel's testimony was credible and that Petitioner's testimony was not. (Resp. Exh. A, pp. 31-32) These findings are supported by the evidence presented at the state court hearing. (Resp. Exh. B) Petitioner testified that his attorney told him that he would serve only three or four years before parole eligibility and that counsel never mentioned Petitioner serving 85 percent of his sentence. (Resp. Exh. B, pp. 6-8, 11, 18, 22) However, plea counsel testified that he did not ever specifically tell Petitioner that he would only

6

serve three years. While counsel may have mentioned three years on the armed criminal action, he believed he discussed 85 percent on the first degree assault conviction throughout plea negotiations. (Resp. Exh. B, pp. 26-35) The Missouri Court of Appeals affirmed, deferring to the motion court's credibility determinations. (Resp. Exh. E, pp. 6-7)

In the instant case, the Petitioner has not presented clear and convincing evidence rebutting the state court's factual determination. Under 28 U.S.C. § 2254(e), federal habeas courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not them." Marshall v. Lonberger, 459 U.S. 422, 434 (1983); see also Pittman v. Black, 764 F.2d 545, 546 (8th Cir.1985) (credibility determinations are for the state courts to decide). Without clear and convincing evidence to rebut the state court's factual determination, the petitioner has not demonstrated that his counsel rendered ineffective assistance, since he has not shown that counsel provided him with erroneous advice regarding the maximum sentence he faced upon pleading guilty. Indeed, he testified before the plea court that he understood his rights and that he understood that no one could promise him what sentences he would receive and such promises were not binding on the court. (Resp. Exh. A, pp. 54-67) Likewise, Petitioner indicated to the court that the sentences resulted from a plea bargain and that he received the sentences his attorney told him he would get. (Resp. Ehx. A, pp. 70-71) Because Petitioner is unable to show that his attorney's performance was deficient, he cannot satisfy the two-part test established in Strickland needed to prevail on an ineffective assistance of counsel claim. Thus, the state court's decision in this case was not contrary to, nor an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). Petitioner's second claim for habeas relief should therefore be denied.

7

**Claim Three**

Petitioner's third and final claim asserts that the trial court erred in accepting Petitioner's guilty plea on the armed criminal action count because there was not a sufficient factual basis for the plea. Respondent maintains that Petitioner procedurally defaulted on this claim for failure to properly raise it in the state courts.

The undersigned agrees that this claim is procedurally barred from federal review. In his Rule 24.035 appeal, Petitioner raised this claim, asserting plain error to the plea court for accepting his guilty plea. The Missouri Court of Appeals found that "Movant failed to include this claim in his Rule 24.035 motion for post-conviction relief. Rule 24.035(d) requires that all motions for post-conviction relief must include all claims of error and those not raised therein are deemed waived. Waserman v. State, 100 S.W.3d 854, 861 (Mo. App. S.D. 2003)." (Resp. Exh. E, p. 6)

"A federal court 'is prohibited from reviewing an issue that the state court has resolved on an adequate and independent state ground, including procedural default.'" Clay v. Norris, 485 F.3d 1037, 1039 (8th Cir. 2007) (quoting Winfield v. Roper, 460 F.3d 1026, 1036 (8th Cir.2006)). Further, "'[i]n the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism.'" Id. (quoting Coleman v. Thompson, 501 U.S. 722, 730 (1991)). A petitioner who fails to meet the state's procedural requirements for presenting federal claims deprives the state courts of their opportunity to address those claims in the first instance. Id. (citing Coleman v. Thompson, 501 U.S. 722, 732 (1991)). "The procedural rule relied upon by the state court must be 'firmly established, regularly followed and readily ascertainable when it was applied,' however.'" Winfield v. Roper, 460 F.3d 1026, 1036 (8th Cir. 2006) (quoting Malone v. Vasquez, 138 F.3d. 711, 717 (8th Cir. 1998)).

Here, the Missouri Court of Appeals clearly stated that Petitioner failed to comply with Rule 24.035, a firmly established and regularly followed rule, by failing to raise all claims of error. Thus, Petitioner procedurally defaulted on his claim that the plea court erred in accepting his guilty plea on the armed criminal action count because there was not a sufficient factual basis for the plea. See Winfield v. Roper, 460 F.3d 1026, 1036 (8th Cir. 2006) (finding that a procedural default under Rule 29.15 served as an independent and adequate state ground to bar consideration; thus the claim was barred from federal review).

A federal court lacks the authority to reach the merits of procedurally barred claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials makes compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Murray, 477 U.S. at 496; Schlup, 513 U.S. at 327. This requires petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The standard compels petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665,

666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because of this type of evidence is usually unavailable. Id.

In the instant case, petitioner argues that ineffective assistance of counsel caused him to procedurally default on his claim, as counsel failed to include the claim in the amended 24.035 motion. While ineffective assistance of counsel may be cause to excuse a procedurally defaulted claim, "in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002) (citations omitted); see also Schawitsch v. Burt, 491 F.3d 798, 804 (8th Cir. 2007) (actions of appeal counsel cannot constitute cause unless the ineffectiveness claim has been adjudicated in state court).

In the present case, the record shows that in his appeal from the denial of his 24.035 motion, Petitioner did not assert an ineffective assistance of counsel claim pertaining to counsel's failure to raise trial court error in accepting the guilty plea. (Resp. Exh. C) In addition, "[i]neffective assistance of post-conviction counsel may not be the basis of federal habeas relief." Anderson v. Bowersox, 262 F.3d 839, 842 (8th Cir. 2001). Furthermore, it cannot constitute cause for procedural default. Reese v. Delo, 94 F.3d 1177, 1182 (8th Cir. 1996). Therefore, Petitioner is unable to demonstrate cause and prejudice to overcome the procedural bar. Likewise, Petitioner neither argues nor is able to show actual innocence. Thus, Petitioner's third claim for habeas relief should be denied due to petitioner's procedural default.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Roger Dale Moorehead for a writ of habeas corpus be **DISMISSED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of February, 2008.